IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HERMIONE WINTER, | § | |
| | § | |
| Defendant Below- | § | No. 127, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1308015125 (S) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 21, 2018
Decided: July 24, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the appellant's reply, it appears to the Court that:

(1) The appellant, Hermione Winter, filed this appeal from the Superior Court's denial of her motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Winter's opening brief that her appeal is without merit. We agree and affirm.

(2) Winter was formerly known as David Allemandi until she legally changed her name in December 2017. In 2014, Winter pled guilty to second degree rape and continuous sexual abuse of a child. The Superior Court

sentenced Winter as follows: (i) for continuous sexual abuse of a child, twenty-five years at Level V incarceration (with credit for 216 days previously served), to be suspended after serving five years for twenty years at Level III probation; and (ii) for second degree rape, twenty-five years at Level V incarceration, to be suspended after serving fifteen years in prison and upon successful completion of the Level V Transitions Sex Offender Program for one year at Level IV Home Confinement followed by eight years at Level III probation. Winter did not file a direct appeal.

(3) Winter identifies as transgender, but she continues to be housed at the James T. Vaughn Correctional Center with other male inmates. Since being sentenced, Winter has filed multiple unsuccessful motions seeking modification or reduction of her sentence. In February 2018, Winter filed a "Motion for Correction of Sentence," which asserted that she had been transferred within the Vaughn Correctional Center to a building that did not offer the Transitions Sex Offender Program. Winter further asserted that, once she completes her sexual reassignment surgery, she will be unable to comply with that aspect of the Superior Court's sentencing order. She requested the Superior Court to "correct my sentence accordingly." The Superior Court denied Winter's motion, finding her sentence to be appropriate and noting that the Transitions Sex Offender Program is offered at both the Vaughn

2

Correctional Center and the Baylor Women's Correctional Institution. Winter appeals that ruling.

(4) On appeal, Winter contends that she is severely mentally ill and currently is housed with other mentally ill male inmates in a building where she is unable to participate in the court-ordered program. Winter asserts that she requested the Department of Correction ("DOC") to transfer her to a female facility, but her request was denied. She requests that this Court either order the DOC to transfer her to a female facility or correct her sentence to remove the requirement of the Transitions Sex Offender Program.

(5) In its motion to affirm, the State asserts that Winter's motion below, notwithstanding its title, sought a modification of her sentence under Superior Court Criminal Rule 35(b) and was properly denied because it was not filed within 90 days of her sentencing.[1] The State asserts that Winter did not establish "extraordinary circumstances" to warrant consideration of her untimely motion[2] because she offered no evidence that she will be unable to complete the program within the fifteen years remaining on her sentence. Moreover, the State contends that, because Winter did not request below that

---

[1] Del. Super. Ct. Crim. R. 35(b).
[2] *State v. Culp*, 152 A.3d 141, 146 (Del. 2016) (untimely motions under Rule 35(b) may only be considered in extraordinary circumstances.

the Superior Court order her transfer to a female facility, this Court cannot consider that request on appeal.[3]

(6) We agree with the State's position. Given the remaining length of Winter's sentence, we find no abuse of the Superior Court's discretion in denying her motion for modification of sentence. Although Winter may not currently be able to participate in the Transitions Program because of where she is housed, there are fifteen years remaining on her sentence during which the DOC can make the program available to her. Thus, we conclude there are no extraordinary circumstances to justify a sentence modification to eliminate completion of the Transitions Sex Offender Program as a requirement from Winter's sentence. To the extent that Winter asks this Court to transfer her to a different facility, we will not consider this newly-raised request for the first time on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] Del. Supr. Ct. R. 8.